UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JOSE LUIS VERDE-GUTIEREZ,
　　　　　*Defendant-Appellant.*

No. 99-4728

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-46)

Submitted: November 30, 2000

Decided: December 20, 2000

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Eric A. Bach, Charlotte, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Luis Verde-Gutierez appeals his conviction and sentence for conspiracy to possess and distribute marijuana and cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and 21 U.S.C. § 846 (1994). Verde-Gutierez's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court erred in accepting Verde-Gutierez's guilty plea and whether the district court correctly applied the sentencing guidelines in calculating Verde-Gutierez's sentence. Counsel concedes, however, that there are no meritorious issues for appeal. Verde-Gutierez filed a pro se supplemental brief, claiming that counsel was ineffective for failing to move for a downward departure pursuant to 5K2.0 of the *U.S. Sentencing Guidelines Manual* ("USSG") (1998) and that he was denied an opportunity to provide substantial assistance to the Government in exchange for a reduced sentence. Finding no reversible error, we affirm.

First, we give due deference to the district court's decision as to how best to conduct the Rule 11 hearing, and we will only vacate Verde-Gutierez's conviction if the court's alleged violations of Rule 11 affected his substantial rights. *United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). Counsel does not point to any specific violations of Rule 11 nor does our review of the record disclose any. Because our review of the record reveals that the district court fully complied with Rule 11, we find that the district court did not err in accepting Verde Gutierez's guilty plea. *See United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (stating standard of review).

Second, Verde-Gutierez contends that the district court erred in calculating his offense level and sentencing him to sixty months of imprisonment. The district court correctly interpreted and applied the guidelines in ascertaining Verde-Gutierez's total offense level of twenty-seven and criminal history category of II. The district court departed downward to an offense level of twenty-five and a criminal history category of I, yielding a sentencing range of fifty-seven to seventy-one months. Because Verde-Gutierez's sentence is within the applicable guideline range and the statutory maximum penalty for his

crime, this court lacks authority to review his sentence. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

Third, our review of the record reveals that Verde-Gutierez's ineffective assistance of counsel claim is not cognizable on direct appeal. Claims of ineffective assistance of counsel are only cognizable on direct appeal where the record conclusively establishes ineffective assistance. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, Verde-Gutierez must bring these claims in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

Finally, we find that Verde-Gutierez's claim that he was erroneously denied an opportunity to provide substantial assistance to the Government in exchange for a reduced sentence is without merit. Because Verde-Gutierez did not raise this claim at sentencing, this court reviews for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). Verde-Gutierez, however, is not automatically entitled to an opportunity to provide such assistance. The information that Verde-Gutierez sought to provide did not directly relate to the drug conspiracy case at hand. Further, even if Verde-Gutierez had provided substantial assistance to the Government, the Government's refusal to move for a departure would not be reviewable in this court absent a showing that its decision was based on an unconstitutional motive such as race. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Verde-Gutierez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*